CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| ELDGERT S. DOSS, | ) | |
| | ) | Civil Action No. 7:13CV00241 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By:   Hon. Glen E. Conrad |
| | ) |        Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claim for supplemental security income benefits under the Social Security

Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. §

1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's

review is limited to a determination as to whether there is substantial evidence to support the

Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by

and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner

must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial

evidence has been defined as such relevant evidence, considering the record as a whole, as might be

found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389,

401 (1971).

The plaintiff, Eldgert S. Doss, was born on July 19, 1965, and eventually reached the eighth

grade in school. Mr. Doss has worked primarily as a construction laborer. At the administrative

hearing, a vocational expert testified that plaintiff has also been employed as a tobacco farm worker,

painter, groundskeeper, and car painter. (TR 54). While the regularity of plaintiff's past work is

subject to some question, it appears that Mr. Doss last engaged in gainful activity in 2007 or 2008.

(TR32-33).  On June 15, 2009, Mr. Doss filed an application for supplemental security income benefits.  Plaintiff alleged that he became disabled for all forms of substantial gainful employment on January 1, 2007 due to pancreatitis, cirrhosis, skeletal injuries, chronic pain, breathing problems/emphysema, and hepatitis.  (TR 181).  Mr. Doss now maintains that he has remained disabled to the present time.

Plaintiff's application for supplemental security income benefits was denied upon initial consideration and reconsideration.  He then requested and received a de novo hearing and review before an Administrative Law Judge.  In an opinion dated March 22, 2012, the Law Judge also determined that Mr. Doss is not disabled.  The Law Judge found that plaintiff suffers from a variety of physical impairments, including status post right ankle surgery; degenerative changes of the right ankle; arthritis of the left wrist; left hip femoral impingement; history of cirrhosis and pancreatitis; cervical strain; chronic obstructive pulmonary disease; and hepatitis C.  (TR 14).  For purposes of his claim for supplemental income benefits, the Law Judge ruled that Mr. Doss has no past relevant work.  (TR 19).  The Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of sedentary work activities.  The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, this Administrative Law Judge finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), with the following exceptions. The claimant can lift or carry 10 pounds frequently and 20 pounds occasionally, can stand and walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The claimant cannot perform crawling, can only occasionally climb ramps and stairs, and can only perform occasional balancing, kneeling, stooping, and crouching. He can perform frequent, but not continuous, handling and overhead reaching with his left hand and shoulder. He has no additional manipulative limitations with either extremity.  He cannot repetitively operate foot controls with his right lower extremity, and cannot operate controls continuously with his left hand.  He cannot have concentrated

2

exposure to temperature extremes, excess humidity, pollutants, or irritants. He cannot have exposure to hazardous machinery or unprotected heights, cannot climb ladders, ropes, or scaffolds, and cannot work on vibrating surfaces.

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Doss retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. (TR 19-20). Accordingly, the Law Judge ultimately concluded that Mr. Doss is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Doss has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Doss suffered a severe crush injury to his right ankle in an automobile accident in 1989. His ankle was rebuilt with the insertion of a rod, plating, and compressive screws. Since that surgery, plaintiff has experienced

3

progressive pain and loss of function in his right lower extremity.  He also experiences pain and residuals of a rotator cuff injury in his left shoulder.  More recently, Mr. Doss has developed chronic obstructive pulmonary disease, apparently associated with cigarette abuse.  He has also been treated for degenerative disease process in the lower back.  Mr. Doss also has a history of pancreatitis and hepatitis, though there is no indication that these conditions affect plaintiff's capacity for regular work activity.  In short, for the most part, plaintiff's claim for disability is founded on a variety of musculoskeletal impairments, and recent onset of breathing problems.

The medical record in this case is somewhat limited, as it appears that Mr. Doss has not received regular attention.  Notably, none of plaintiff's treating or examining physicians have suggested that he is disabled for all forms of work.  The Social Security Administration arranged for a consultative medical examination by Dr. William H. Humphries.  Dr. Humphries examined Mr. Doss on January 31, 2011.  In terms of plaintiff's musculoskeletal function, Dr. Humphries produced clinical findings as follows:

> NECK: Range of motion is mildly reduced. No JVD. No bruits. No tenderness.
>
> BACK: Range of motion is mildly reduced with mild dorsal kyphosis. There is no scoliosis. No paravertebral muscle spasm. There is tenderness to palpation of the paraspinous muscles in the lumbar region. The straight leg raise is negative to 90 degrees sitting.
>
> JOINT RANGE OF MOTION: Joint range of motion of the upper extremities is full in both shoulders, elbows, slightly reduced in some of the MCP and IP joints with mild synovial thickening of some of these joints.  Mildly reduced in left wrist.
>
> Lower extremity joint range of motion is mildly reduced in both hips, within normal limits of the knees and moderately reduced right ankle. There is moderate synovial thickening in this region. There is a vertical 20 cm scar along the mid right tib-fib region that proceeds to the anterior right ankle joint and to the medial malleolar region. There is a punctate 2 cm scar distal to the right fibula in the lateral right ankle region. There is some mild synovial thickening of some of the IP joints.

4

(TR 333).  Dr. Humphries listed the following diagnoses and functional assessment:

> DIAGNOSES:
>
> 1.    COPD, mild.
> 2.    Chronic lumbar strain.
> 3.    Posttraumatic DJD, left wrist, right ankle.
> 4.    Chronic cervical strain.
> 5.    Pancreatitis, by history with intermittent abdominal pain
> 6.    Hepatitis, by history without evidence of hepatic failure.
>
> Based on objective findings of this evaluation, the examinee would be limited to sitting 6 hours in an 8-hour workday, to standing and walking 2 hours in an 8-hour workday, to lifting 25 lbs occasionally and 10 lbs frequently.  He would be limited to occasional climbing, kneeling and no crawling.

(TR 334).

In questioning the vocational expert, the Administrative Law Judge adopted Dr. Humphries' functional assessment.   The Law Judge concluded that Mr. Doss is capable of a limited range of sedentary work activity. In response to a comprehensive hypothetical question, a vocational expert testified at the administrative hearing that Mr. Doss could be expected to perform several specific, unskilled sedentary work roles existing in significant number in the national economy.

The court believes that the Law Judge's reliance on Dr. Humphries' report, and the Law Judge's assessment of plaintiff's physical limitations for purposes of the hypothetical question, are both reasonable and consistent with the evidence of record.  Furthermore, it appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are also consistent with the evidence developed in Mr. Doss's case.  In short, the

court concludes that the Law Judge's opinion denying entitlement is supported by substantial evidence. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff does not take issue with the Administrative Law Judge's treatment of his case. Instead, Mr. Doss presents allegations, and offers new medical evidence, suggesting that his condition has greatly worsened since the time of the Law Judge's adjudication. In his memorandum, Mr. Doss states that his hepatitis and pancreatitis have worsened, and that he is now a candidate for a liver transplant. He also notes that, while he does not have a history of mental health treatment, he is now being treated by a mental health specialist. Furthermore, Mr. Doss reports that on December 11, 2012, he underwent gall bladder surgery. According to plaintiff, the surgery did not go well, and his liver was punctured. He states that he is now forced to receive periodic medical care to have fluid drained from his stomach. Finally, Mr. Doss indicates that the problems in his right ankle have worsened, and that an orthopaedic specialist has now prescribed additional measures and medication for pain control.

With the exception of the ankle problems, it appears to the court that all of the new medical concerns identified by plaintiff developed at some point after the Administrative Law Judge issued her opinion on March 22, 2012. As for the ankle condition, it is true that Mr. Doss has identified medical treatment which occurred prior to the date of the Law Judge's opinion. While not so styled, the court considers the new submissions offered by plaintiff in opposition to the Commissioner's motion for summary judgment, to constitute a motion for remand of his case for consideration of new and additional medical evidence.

In <u>Borders v. Heckler</u>, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

> A reviewing court may remand a Social Security case to the [Commissioner] on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the [Commissioner's] decision "might reasonably have been different" had the new evidence been before her. <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979); <u>Sims v. Harris</u>, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner], 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. <u>King</u>, 599 F.2d at 599.

777 F.2d at 955.

The court finds no "good cause" for remand of Mr. Doss's case. As noted above, most of the critical developments in plaintiff's medical picture occurred sometime after the date of the Commissioner's final decision. Thus, it cannot be said that these considerations are relevant to the determination of disability during the period of time adjudicated by the Law Judge. Furthermore, to the extent that there is new evidence documenting treatment of Mr. Doss's right ankle condition, the court finds nothing that would suggest that plaintiff was incapable of performing the limited range of sedentary work roles envisioned by the Law Judge. Accordingly, there is no reason to believe that the Commissioner's decision would have been different had any new evidence been before the Law Judge during her consideration of the case. Consequently, the court finds no cause for remand. <u>Borders v. Heckler</u>, <u>supra</u>. In such circumstances, the appropriate course for Mr. Doss is to file a new application for supplemental security income benefits, in which all of his longstanding difficulties and more recent medical problems can be considered.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Doss is free of all pain, discomfort, weakness, and fatigue.  Indeed, the medical record confirms that plaintiff suffered a very serious injury to his right ankle, with continuing symptoms which have predictably worsened over time.  Moreover, it seems that Mr. Doss has now developed new medical difficulties unrelated to his musculoskeletal dysfunction.  However, it must again be noted that no doctor has suggested that plaintiff is totally disabled for all forms of work activity.  Indeed, Dr. Humphries specifically found that, at least as of January 31, 2011, Mr. Doss could engage in a limited range of sedentary work activities.  The court believes that this consultative report stands as substantial evidence in support of the Law Judge's assessment of plaintiff's residual function capacity.

It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled.  Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996).  Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits.  Indeed, as previously noted, it appears to the court that the Law Judge gave plaintiff the benefit of all doubt in formulating the hypothetical question for the vocational expert's consideration.  It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

The court again notes that Mr. Doss may wish to consider filing a new claim for supplemental security income benefits.  As set forth above, it appears that plaintiff's condition has dramatically worsened since the issuance of the Commissioner's final decision.  Moreover, when he attains the age of 50, Mr. Doss will be a person "closely approaching advanced age" for purposes of the medical vocational guidelines.  See, gen., 20 C.F.R. § 416.969.  At that time, even assuming

that he still possesses the capacity to do sedentary exertion, Rule 201.09 of Appendix 1 to Subpart P of the Administrative Regulations Part 404 will direct a determination of disabled in his case.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this ___3rd___ day of March, 2014.

_____
Chief United States District Judge